[No. A058202. First Dist., Div. Five. July 30, 1993.]

SAMUEL D. DAKIN, Plaintiff and Appellant, v.
DEPARTMENT OF FORESTRY AND FIRE PROTECTION, Defendant
and Respondent;
LOUISIANA-PACIFIC CORPORATION, Real Party in Interest and
Respondent.

**COUNSEL**

Rodney Richard Jones for Plaintiff and Appellant.

Daniel E. Lungren, Attorney General, Walter E. Wunderlich, Acting Assistant Attorney General, Charles Getz IV and John Davidson, Deputy Attorneys General, for Defendant and Respondent.

Rawles, Hinkle, Carter, Behnke & Oglesby, Jared G. Carter, Frank Shaw Bacik and Cindee F. Mayfield for Real Party in Interest and Respondent.

**OPINION**

**PETERSON, P. J.**—Samuel D. Dakin appeals from a judgment of dismissal of a petition for writ of mandate, which challenged the approval of a timber

harvest plan (THP) by respondent California Department of Forestry and Fire Protection (Forestry). The trial court dismissed the petition under the authority of Public Resources Code[1] section 21167.4, for failure to request a hearing on the petition within 90 days of filing. Appellant contends that section 21167.4 is inapplicable to judicial review of THP's. We disagree, but conclude our ruling should operate prospectively only. Accordingly, we reverse the judgment of dismissal.

## I. FACTS AND PROCEDURAL BACKGROUND

Appellant owns property adjacent to the site of THP 1-91-315 in Reeves Canyon in Mendocino County. The THP, submitted by real party Louisiana-Pacific Corporation (L-P), proposed the harvesting of timber on a site of roughly 800 acres. Forestry approved the THP, and appellant filed a petition for writ of mandate challenging the approval. The petition alleged that the THP was approved in violation of various provisions of the Z'berg-Nejedly Forest Practice Act of 1973 (§ 4511 et seq.) and the California Environmental Quality Act (CEQA) (§ 21000 et seq.).

The petition was dismissed without a hearing on the merits. Appellant filed his petition November 18, 1991, but failed to request a hearing within 90 days of filing. L-P filed a motion to dismiss the petition, invoking section 21167.4, which provides: "In a writ of mandate proceeding alleging non-compliance with this division [i.e., with CEQA], the petitioner shall request a hearing within 90 days of filing the petition or otherwise be subject to dismissal on the court's own motion or on the motion of any party interested therein." The trial court rejected appellant's contention that the statute did not apply to THP review proceedings, and dismissed the petition.

This appeal followed.

## II. DISCUSSION

■ Timber harvesting is subject to the provisions of the Forest Practice Act and related regulations. (§ 4511 et seq.; Cal. Code Regs., tit. 14, § 895 et seq.) In *Environmental Protection Information Center, Inc.* v. *Johnson* (1985) 170 Cal.App.3d 604 [216 Cal.Rptr. 502] (*EPIC*), this court examined the interrelationship between timber harvesting and the CEQA statutory scheme. We concluded that CEQA's substantive criteria for environmental protection apply to THP preparation and review. (*Id.* at p. 620.)

*EPIC* noted the distinct procedural differences between the typical CEQA case and the THP process. CEQA normally requires the preparation of an

---

[1]Unless otherwise indicated, all subsequent statutory references are to the Public Resources Code.

environmental impact report (EIR) for a project having a potential significant effect on the environment. (*EPIC, supra,* 170 Cal.App.3d at p. 610.) Section 21080.5, however, provides that certain regulatory programs of a state agency may be exempt from EIR preparation, if the Secretary of the Resources Agency certifies the regulatory program as one which "requires that a project be preceded by the preparation of a written project plan containing sufficient environmental impact information," and which meets certain other requirements. (*EPIC, supra,* 170 Cal.App.3d at pp. 610-611.)

In January 1976, the secretary certified the regulation of timber harvesting under the Forest Practice Act as exempt from EIR preparation under section 21080.5. (*EPIC, supra,* 170 Cal.App.3d at p. 611.) This certification constitutes a determination that the THP preparation and approval process, as governed by the Forest Practice Act, "is a 'functional equivalent' to EIR preparation. [Citation.]" (*Ibid.*)

Section 21080.5 exempts regulatory programs " 'functionally equivalent' " to the EIR process from two chapters of CEQA as well as one additional section: chapter 3 (§ 21100 et seq.), chapter 4 (§ 21150 et seq.), and section 21167. (*EPIC, supra,* 170 Cal.App.3d at p. 617.)

"Chapter 3 of CEQA requires the preparation of an EIR for projects of potentially significant environmental effect which are to be carried out or approved by state agencies, boards or commissions; chapter 4 deals similarly with projects to be carried out or approved by local agencies. Section 21167 governs the time limitations on judicial proceedings to review or set aside agency decisions specifically involving the various steps of the EIR process, including the initial decision regarding potential adverse impact." (*EPIC, supra,* 170 Cal.App.3d at p. 617.) Because the exempt regulatory program essentially provides for the " 'functional equivalent' " of an EIR, such a program is logically exempt from these CEQA provisions focusing on the procedures for the preparation and judicial review of EIR's.

Certain statutes were enacted at the same time as section 21167, or at various times in subsequent years, and are essentially procedural provisions involving facets of the EIR process. These sections appear immediately after section 21167, and are numbered 21167.1 through 21167.8. Section 21167.1 provides for preferential trial setting for "all actions brought pursuant to Section 21167." Section 21167.2 and section 21167.3 create presumptions of CEQA compliance. Section 21167.4, as noted, provides that an action "alleging noncompliance with this division" is subject to dismissal for failure to request a hearing within 90 days of filing. Sections 21167.5 through 21167.8 provide for various other procedural requirements. All of

these statutes except section 21167.4 specifically refer to, and derive their authority from, section 21167.

█ It has been less than clear whether these statutes, apparently adjuncts of section 21167, are also rendered inapplicable to regulatory programs such as THP review by the language of section 21080.5. We conclude that section 21167.4 does apply, but that the rest do not.

█ In construing statutes, it is the duty of a court to ascertain the Legislature's intent in order to achieve the purpose of the statutory scheme. (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672].) Consistent with the intent of the Legislature, a statute should be accorded a reasonable and commonsense interpretation avoiding absurd or impractical results. (*Dyna-Med, Inc.* v. *Fair Employment & Housing Com.* (1987) 43 Cal.3d 1379, 1392 [241 Cal.Rptr. 67, 743 P.2d 1323]; see also *Webster* v. *Superior Court* (1988) 46 Cal.3d 338, 344 [250 Cal.Rptr. 268, 758 P.2d 596].)

█ Clearly the Legislature did not intend sections 21167.1 through 21167.3 and sections 21167.5 through 21167.8 to apply to timber harvesting or similar programs. The Legislature exempted such programs from the ambit of section 21167, and the seven statutes just listed specifically cite, and derive their authority from, their "parent" section 21167. Indeed, any CEQA provision which is derived and takes its authority from section 21167 could not logically be said to apply to " 'functional equivalent' " programs under section 21080.5.

Section 21167.4, however, does not mention section 21167. L-P contends that this is a telling omission, and the trial court concluded that section 21167.4 stood alone and apart from the other seven statutes. We agree. If section 21167 is the parent statute and the seven provisions which derive from it are its offspring, section 21167.4 is a changeling.

The Legislature clearly intends CEQA mandate proceedings to be expedited. As pointed out by Division Two of this court in *San Franciscans for Reasonable Growth* v. *City and County of San Francisco* (1987) 189 Cal.App.3d 498, 503 [234 Cal.Rptr. 527], the legislative history of section 21167.4 reveals that the requirement of requesting a hearing within 90 days was designed to avoid delays in litigation and preserve the character of the general CEQA mandate action as an expeditious proceeding. The court noted that the sanction of dismissal "is consistent with . . . the statutory scheme. CEQA actions have short statute of limitations periods and are entitled to preference at trial and on appeal. [Citations.] Obviously, the rationale of the

statutory scheme is to avoid delay and achieve prompt resolution of CEQA claims." (*Id.* at p. 504.)

The underlying legislative policy of the 90-day rule, the expeditious judicial resolution of CEQA challenges, applies with equal force to THP review. The same concerns over delay and the need for prompt resolution are presented by the timber owner who is confronted with an environmental challenge to a THP. After a fairly substantial process of administrative review, prompt and expeditious judicial proceedings are essential. Were it not for the 90-day rule, THP mandate cases could languish, delaying timber harvesting theoretically for the five-year dismissal period governing a typical civil suit. To us, this is clearly why the Legislature chose to distinguish section 21167.4 from its statutory neighbors by not specifically limiting the statute to proceedings brought under section 21167.

Other clear legislative policies support this conclusion. In 1989, the Legislature amended section 4513, subdivision (b) to add "regional economic vitality" and "employment" to the values underlying the Forest Practice Act. (Stats. 1989, ch. 1161, § 1, pp. 4452-4453.) Open-ended delay of judicial review of THP's is inconsistent with the legislative concern over employment and economic vitality in the timber industry.

We note the application of section 21167.4 imposes no onerous burden on the party challenging the THP. To comply with the statute, the party must only file a request for a hearing and "take affirmative steps sufficient to place the matter on the court's docket for a hearing . . . ." (*McCormick* v. *Board of Supervisors* (1988) 198 Cal.App.3d 352, 358 [243 Cal.Rptr. 617].) The hearing itself need not be held within 90 days. (*Mitchell* v. *County of Orange* (1985) 165 Cal.App.3d 1185, 1192 [211 Cal.Rptr. 563].)

Normally, since appellant failed to comply with section 21167.4, dismissal of his petition would be mandatory. (*McCormick* v. *Board of Supervisors, supra,* 198 Cal.App.3d at p. 355; *San Franciscans for Reasonable Growth* v. *City and County of San Francisco, supra,* 189 Cal.App.3d at pp. 501-504.)[2] However, we are persuaded that our ruling in this case should apply only prospectively, i.e., to mandate petitions filed after the date this opinion becomes final.

The applicability of section 21167.4 to timber harvest cases has been the subject of some confusion in the past. Several years ago, when this court

---

[2]Although a party suffering dismissal under section 21167.4 may seek relief from default under Code of Civil Procedure section 473 (*McCormick* v. *Board of Supervisors, supra,* 198 Cal.App.3d at p. 359), appellant failed to file a procedurally correct formal noticed motion in the trial court.

first addressed the issue, we filed an opinion ruling the statute inapplicable. This opinion was the only law on the subject and was no doubt relied on by parties to timber harvest cases. Although that opinion was ultimately depublished by the Supreme Court, the depublication order cannot be "deemed an expression of opinion of the Supreme Court of the correctness of the result reached by the decision . . . ." (Cal. Rules of Court, rule 979(e).) In light of this past confusion and reliance on our previous opinion, and particularly in light of the severe results of noncompliance with section 21167.4, the interests of fairness require that our decision operate prospectively only. (See *Newman* v. *Emerson Radio Corp.* (1989) 48 Cal.3d 973, 982-984 [258 Cal.Rptr. 592, 772 P.2d 1059].)

### III.   DISPOSITION

The judgment of dismissal is reversed, and the cause is remanded for further proceedings.

King, J., and Haning, J., concurred.