[No. C062025. Third Dist. Dec. 29, 2009.]

COUNTY OF SACRAMENTO et al., Petitioners, v.
THE SUPERIOR COURT OF SACRAMENTO COUNTY, Respondent;
FORSTER-GILL, INC., Real Party in Interest.

COUNSEL

Robert A. Ryan, Jr., County Counsel, Krista C. Whitman, Deputy County Counsel; Sheppard Mullin Richter & Hampton and Arthur J. Friedman for Petitioners.

No appearance for Respondent.

Belsher & Becker, John W. Belsher and Gregory A. Connell for Real Party in Interest.

OPINION

**ROBIE, J.**—In this mandamus proceeding, we are called on to determine whether a request for a hearing in an action alleging noncompliance with the

California Environmental Quality Act (CEQA; Pub. Resources Code,[1] § 21000 et seq.) must be made in a writing filed with the court to avoid dismissal under section 21167.4, subdivision (a) for failure to "request a hearing" within 90 days of the filing of the petition. Construing section 21167.4 as a whole, as we must, we conclude the answer to that question is "yes."

Because petitioner here failed to file a written hearing request within the time allowed, its CEQA claims must be dismissed. Accordingly, we will order that a writ of mandate issue directing the trial court to vacate its denial of the motion to dismiss at issue here and enter a new order granting that motion.

## FACTUAL AND PROCEDURAL BACKGROUND

On June 12, 2008, Forster-Gill, Inc., filed a petition for writ of mandate and complaint for quiet title and other relief in the Sacramento County Superior Court relating to the County of Sacramento's approval of a project known as "The Landing" and the final environmental impact report for the project. The first cause of action alleged violations of the county's general plan and planning laws. The second cause of action alleged violations of CEQA. The third cause of action was for quiet title, the fourth for related declaratory relief, and the fifth was a taxpayer suit. The petition/complaint named the county as respondent and numerous other parties as defendants/real parties in interest. Among those other parties were Syufy Enterprises, LLC; Bradshaw Landing, LLC; and Sywest Development, LLC. For convenience, we will refer to those three parties jointly as Syufy.

Having filed the petition and complaint on June 12, 2008, Forster-Gill had until September 10 to request a hearing on its CEQA claims. (See § 21167.4, subd. (a).)

Forster-Gill served the county with the petition and complaint on or about June 20. This gave the county until about August 19 to prepare and certify the administrative record. (See § 21167.6, subd. (b)(1).)

In September, with the administrative record not yet prepared, county counsel drafted a stipulation to give the county until October 20 to complete the record. (See § 21167.6, subd. (c).) County counsel signed the stipulation on September 9; Syufy's counsel signed it September 10; and Forster-Gill's counsel signed it September 11.

In October, Forster-Gill's counsel prepared a second stipulation to give the county until November 7 to complete the administrative record. This stipulation noted that Forster-Gill had "previously reserved a court date of January

---

[1] All further section references are to the Public Resources Code.

9, 2009" on the writ petition. The stipulation provided for that court date to be moved to March 6 instead. County counsel and Syufy's counsel signed the second stipulation on October 17. It was made a court order on October 27.

On November 24, 2008, Forster-Gill served Syufy and the county with notice of the March 6 hearing on the writ petition.

The administrative record was finally certified on January 6, 2009, and lodged with the court on January 8.

On or about February 9, 2009, another one of the defendants/real parties in interest (Bradshaw Industrial Park) filed a cross-complaint relating to Forster-Gill's quiet title and declaratory relief causes of action.

On March 6, a status conference was held in the case, but then dropped and rescheduled for March 20 due to the absence of Forster-Gill's attorney. In the meantime, the court ordered counsel to meet and confer regarding the order of trial on the quiet title and CEQA issues and on a briefing schedule.

Syufy proposed to bifurcate and try the issues relating to Forster-Gill's quiet title claim before the CEQA issues. Forster-Gill disagreed because it did not want to "waive the precedence afforded [to] CEQA actions."

At the status conference on March 20, the court determined the CEQA claims should be litigated first. Thereafter, on or about March 24, Syufy filed a motion to sever the third and fourth causes of action for separate trial, and Syufy and the county jointly filed a motion to dismiss the CEQA claims[2] under section 21167.4, subdivision (a) because Forster-Gill did not request a hearing within 90 days of filing the writ petition. In support of their motion to dismiss, Syufy and the county asserted that Forster-Gill did not request a hearing until on or about October 20, as part of the second stipulation to extend the time for preparation of the administrative record. In a declaration supporting the motion to dismiss, deputy county counsel noted that her files did not reflect that Forster-Gill had requested a hearing in writing before the stipulation establishing the March 6 hearing date, but she also conceded it was possible Forster-Gill had reserved the January 9 hearing date "with the court verbally."

---

[2] Syufy and the county identified the CEQA claims as the first and second causes of action, even though only the second cause of action expressly involves claims under CEQA. They later clarified that they were seeking dismissal of the first cause of action only to the extent that certain of Forster-Gill's allegations in that cause of action were "premised upon violations of CEQA." (Forster-Gill had alleged in that cause of action that the county's "actions in approving the Final EIR and the PROJECT, without adequate findings of the PROJECT's consistency with the General Plan and its elements . . . were . . . not in accordance with California law.")

Forster-Gill did not oppose the motion to sever but did oppose the motion to dismiss. In a declaration opposing the motion to dismiss, Forster-Gill's attorney asserted that before the 90-day deadline expired on September 10, he "telephoned the court clerk . . . and reserved a hearing on the merits for January 9, 2009." He further asserted that he and deputy county counsel later "determined this date was premature, as [the county] was still having trouble preparing the administrative record."

On May 15, 2009, the trial court denied the motion to dismiss, concluding that "subsection (a) of [section 21167.4], which is the portion of the statute that provides for mandatory dismissal, does not explicitly require that the request for a hearing be in writing." The court noted that subdivisions (b) and (c) of the statute "do refer to the 'filing' of a request for hearing." Nevertheless, because "[d]ismissal is an extreme sanction," because "the portion of the statute that mandates dismissal does not explicitly require the 'request for hearing' to be in writing in order to avoid dismissal," and because of "the lack of case authority holding that an oral request to the court for a hearing date is insufficient," the court determined that Forster-Gill's CEQA claims were not subject to dismissal under subdivision (a) of section 21167.4.

Three weeks later, Syufy and the county commenced the present proceeding by filing a petition for a writ of mandate in this court, seeking a writ directing the trial court to grant their motion to dismiss. We ordered the issuance of an alternative writ.

## DISCUSSION

Section 21167.4 provides, in its entirety, as follows:

"(a) In any action or proceeding alleging noncompliance with this division, the petitioner shall request a hearing within 90 days from the date of filing the petition or shall be subject to dismissal on the court's own motion or on the motion of any party interested in the action or proceeding.

"(b) The petitioner shall serve a notice of the request for a hearing on all parties at the time that the petitioner files the request for a hearing.

"(c) Upon the filing of a request by the petitioner for a hearing and upon application by any party, the court shall establish a briefing schedule and a hearing date. In the absence of good cause, briefing shall be completed within 90 days from the date that the request for a hearing is filed, and the hearing, to the extent feasible, shall be held within 30 days thereafter. Good cause may include, but shall not be limited to, the conduct of discovery, determination of the completeness of the record of proceedings, the complexity of the

issues, and the length of the record of proceedings and the timeliness of its production. The parties may stipulate to a briefing schedule or hearing date that differs from the schedule set forth in this subdivision if the stipulation is approved by the court."

Syufy and the county contend the trial court erred in denying their motion to dismiss Forster-Gill's CEQA claims because the request for a hearing required by section 21167.4 must be made in writing. Although subdivision (a) of the statute does not specify a written request, they contend subdivision (a) must be interpreted together with subdivisions (b) and (c), which "clarify[]" that the request for a hearing "must be a document that is filed with the court, and served on all parties at the time of its filing."

■ "Under general settled canons of statutory construction, we ascertain the Legislature's intent in order to effectuate the law's purpose. [Citation.] We must look to the statute's words and give them their 'usual and ordinary meaning.' " (*White v. Ultramar, Inc.* (1999) 21 Cal.4th 563, 572 [88 Cal.Rptr.2d 19, 981 P.2d 944].)

■ The obligation subdivision (a) of section 21167.4 imposes on the petitioner in a CEQA action is to "request a hearing within 90 days from the date of filing the petition." "The verb 'request' means 'to ask (as a person or an organization) to do something [or] to ask (as a person or an organization) for something.' (Webster's 3d New Internat. Dict. (1986) p. 1929.) Thus, read literally, the phrase 'request a hearing' means to ask for a hearing." (*Leavitt v. County of Madera* (2004) 123 Cal.App.4th 1502, 1516 [22 Cal.Rptr.3d 101].) Here, Forster-Gill's attorney complied with the literal meaning of subdivision (a), read in isolation, when, he "telephoned the court clerk . . . and reserved a hearing on the merits" before the 90-day deadline expired on September 10.

Subdivision (a), however, cannot be read in isolation from the remainder of section 21167.4. " 'A statute is passed as a whole and not in parts or sections and is animated by one general purpose and intent. Consequently, each part or section should be construed in connection with every other part or section so as to produce a harmonious whole. Thus, it is not proper to confine interpretation to the one section to be construed.' " (*Rodriguez v. Superior Court* (1993) 14 Cal.App.4th 1260, 1268 [18 Cal.Rptr.2d 120].) " 'Where possible, all parts of a statute should be read together and construed to achieve harmony . . . .' " (*Estate of McDill* (1975) 14 Cal.3d 831, 837 [122 Cal.Rptr. 754, 537 P.2d 874].)

■ When these principles of statutory interpretation are employed, subdivisions (b) and (c) of section 21167.4 do—as Syufy and the county argue—clarify that the request for a hearing required by the statute is to be a writing that can be filed with the court, not simply an oral request.

■ First, subdivision (b) of section 21167.4 specifies that the petitioner must serve "a notice of the request for a hearing on all parties at the time that the petitioner *files* the request for a hearing." (Italics added.) Thus, subdivision (b) plainly contemplates a written request that can be (and is) filed with the court. If the request for a hearing could be oral, then it would never be filed with the court, and the obligation to serve the other parties with notice of the request for a hearing would never be triggered.[3]

Second, subdivision (c) of section 21167.4 specifies that the court must establish a briefing schedule and a hearing date "[u]pon the *filing* of a request by the petitioner for a hearing and upon application by any party." (Italics added.) Additionally, subdivision (c) specifies that, absent good cause, briefing shall "be completed within 90 days from the date that the request for a hearing is *filed*." (Italics added.) Thus, like subdivision (b), subdivision (c) plainly contemplates a written request that can be (and is) filed with the court. If the request for a hearing could be oral, then the court's obligation under subdivision (c) to establish a hearing date and a briefing schedule would never be triggered, and there would be no date from which to count the presumptive 90-day deadline for completion of briefing.

Thus, although subdivision (a) of section 21167.4, read in isolation, does not expressly require the filing of a written request for a hearing, the statute as a whole plainly does.

In support of its argument that a written request is not required, Forster-Gill cites *McCormick v. Board of Supervisors* (1988) 198 Cal.App.3d 352 [243 Cal.Rptr. 617] for the proposition that a petitioner need only "take affirmative steps sufficient to place the matter on the court's docket for a hearing, either by filing and serving a notice of hearing *or utilizing some other method authorized by the local rules of the court in which the matter is pending*." (*Id.* at p. 358, italics added.) Forster-Gill asserts that it "request[ed] a hearing date with the court, per the trial court's own procedures." Even assuming that to be true, however,[4] *McCormick* is no longer good law on the point for which Forster-Gill cites it.

---

[3] Indeed, here, while Forster-Gill served Syufy and the county with notice of the March 6 hearing on November 24, 2008—at least two and one-half months after Forster-Gill first orally requested a hearing—it does not appear that Forster-Gill ever served notice of that initial request for a hearing.

[4] Forster-Gill does not clarify what "procedures" it is referring to, although it is likely referring to "the procedures for prosecuting petitions for prerogative writs in the Sacramento Superior Court," which are contained in a "guide" that is "provided by the legal process clerks to each party filing a civil writ petition." (Super. Ct. Sacramento County, Local Rules, rule 2.01(E).) The record does not show whether these procedures authorized an oral request for a hearing on a petition for writ of mandate in the fall of 2008. In any event, it does not matter

In 1988, when *McCormick* was decided, section 21167.4 consisted only of what is now subdivision (a). (See Stats. 1980, ch. 131, § 3, p. 304; *McCormick v. Board of Supervisors, supra,* 198 Cal.App.3d at p. 355, fn. 1.) Thus, at the time, there was no reference in the statute to "filing" a request for a hearing; the statute simply required the petitioner to "request a hearing."[5] Given this circumstance, *McCormick*'s conclusion that a hearing could be requested "either by filing and serving a notice of hearing *or* utilizing some other method authorized by the local rules of the court" (198 Cal.App.3d at p. 358, italics added) did no violence to the language of the statute.

In 1993, however, the Legislature amended section 21167.4 by adding subdivision (b) to the statute, providing for the first time that the petitioner had to "serve a notice of the request for a hearing on all parties within 14 calendar days of *filing* the request for a hearing." (Stats. 1993, ch. 1130, § 20, p. 6331, italics added.) By now requiring the *filing* of the request for a hearing, the Legislature essentially negated the implicit authorization of *McCormick* for the request to be made orally if that method was authorized by local rules.

A year later, in 1994, the Legislature amended the statute again, this time bringing it into its current form. (Stats. 1994, ch. 1294, § 21, pp. 8325–8326.) Thus, for the last 15 years, the "filing" of the request for a hearing has served as a trigger for further statutory requirements under section 21167.4, as explained above. Under these circumstances, the passage from *McCormick* on which Forster-Gill relies is of no assistance.

Forster-Gill contends, "It would have been an exercise in futility to file and serve a notice of hearing on the merits while the parties were negotiating and extending the time to prepare the Administrative Record, which is a prerequisite to briefing and eventually conducting the hearing." By this argument, however, Forster-Gill mistakes what is required by subdivisions (a) and (b) of section 21167.4. Under those provisions, Forster-Gill did not have to "file and serve a notice of hearing on the merits," i.e., Forster-Gill did not have to actually set a hearing and serve notice of the date of that hearing. On the contrary, all Forster-Gill had to do was "request a hearing" and serve notice *of that request.* The setting of the actual hearing date, and the briefing schedule to proceed the hearing, could have come later, "upon application of

---

because the requirements of section 21167.4 trump any conflicting local court procedure. (See Gov. Code, § 68070, subd. (a) ["Every court may make rules for its own government . . . not inconsistent with law . . . ."].)

[5] Even so, the petitioners in *McCormick* "filed a document purporting to request a hearing within the statutory period." (*McCormick v. Board of Supervisors, supra,* 198 Cal.App.3d at p. 357.)

any party." (§ 21167.4, subd. (c); see *Association for Sensible Development at Northstar, Inc. v. Placer County* (2004) 122 Cal.App.4th 1289, 1294–1295 [19 Cal.Rptr.3d 440].) Thus, Forster-Gill's claim of futility is fruitless.

Forster-Gill notes that under subdivision (c) of section 21167.4, the parties can, with the court's approval, stipulate to a briefing schedule or hearing date that does not otherwise comply with the deadlines set forth in that subdivision. Based on this, Forster-Gill argues that "[w]ritten notice of the request for the hearing date in this case was supplanted by the fact that the parties entered into two stipulations to manage this CEQA proceeding." This argument is a non sequitur. The first stipulation the parties entered into here did not relate to a briefing schedule or hearing date, but solely to the deadline for preparing and certifying the administrative record. And while the second stipulation did cover a hearing date, a stipulation regarding a hearing date (or a briefing schedule for that matter) does not "supplant" the statutory requirement that the petitioner request a hearing date and serve notice of that request at the time the request is filed. Whether the parties stipulated to alter the presumptive time periods in subdivision (c) has nothing to do with whether Forster-Gill complied with the requirements of subdivisions (a) and (b) of section 21167.4.

Forster-Gill argues, "there is no mandatory dismissal of a CEQA action for non-compliance with subsection (b)." That is true, but dismissal *is* required by subdivision (a) for failure to request a hearing, and (as we have explained) the statute as a whole makes clear that a request for a hearing must be filed with the court and therefore must be in writing. Accordingly, Forster-Gill's CEQA claims are subject to dismissal not because Forster-Gill failed to serve notice of its request for a hearing in compliance with subdivision (b), but because Forster-Gill failed to properly request a hearing by filing a written request with the court within the time period allowed by subdivision (a).

Forster-Gill argues, "It would be inequitable for opposing counsel to work and entice [Forster-Gill] to enter into these agreements and then lie in the weeds and wait for the 90-day deadline to pass before springing this terminating sanction." But Forster-Gill fails to point to any evidence that this is what happened. It is true that the time for Forster-Gill to request a hearing under subdivision (a) of section 21167.4 ran just as the parties' attorneys were signing the first stipulation regarding preparation and certification of the administrative record. But that stipulation had nothing to do with whether Forster-Gill complied with its obligation to request a hearing within 90 days of filing its petition. There is no evidence Forster-Gill was, or reasonably could have been, lulled into a false sense of security about its need to comply with subdivision (a) by the county's request for more time to complete the administrative record. Accordingly, this argument fails as well.

We are cognizant that "the law 'traditionally disfavors forfeitures and statutes imposing them are to be strictly construed' " (*People v. Far West Ins. Co.* (2001) 93 Cal.App.4th 791, 795 [113 Cal.Rptr.2d 448], quoting *People v. United Bonding Ins. Co.* (1971) 5 Cal.3d 898, 906 [98 Cal.Rptr. 57, 489 P.2d 1385]), and that this abhorrence of forfeiture extends to "the forfeiture of the right to a determination of a cause of action on the merits" (*Casey v. Overhead Door Corp.* (1999) 74 Cal.App.4th 112, 122 [87 Cal.Rptr.2d 603]). But we find no reasonable basis for reading subdivision (a) of section 21167.4 independently of subdivisions (b) and (c) of that statute, and (as we have explained) when the subdivisions are read together, it is plain that the "request [for] a hearing" required by subdivision (a) must be in a writing filed with the court, or else subdivisions (b) and (c) of the statute will not operate.

We requested supplemental briefing from the parties on whether, if we interpreted subdivision (a) of section 21167.4 as requiring a written request for a hearing, our decision should operate retroactively or only prospectively. (See, e.g., *Dakin v. Department of Forestry & Fire Protection* (1993) 17 Cal.App.4th 681, 687–688 [21 Cal.Rptr.2d 490] [holding that the court's ruling on the applicability of § 21167.4 to timber harvest cases would apply only prospectively, to "petitions filed after the date this opinion becomes final"].) Not surprisingly, Syufy and the county argue for retroactive application, while Forster-Gill argues for prospective application. Having now considered the issue, we conclude that limiting our ruling to prospective application only would be improper.

■ " 'As a rule, judicial decisions apply "retroactively." [Citation.] Indeed, a legal system based on precedent has a built-in presumption of retroactivity.' " (*People v. Guerra* (1984) 37 Cal.3d 385, 399 [208 Cal.Rptr. 162, 690 P.2d 635].) " 'The general rule that judicial decisions are given retroactive effect is basic in our legal tradition.' [Citation.] Courts sometimes make an exception to this general rule when the decision changed a settled rule on which the parties had relied." (*Brennan v. Tremco Inc.* (2001) 25 Cal.4th 310, 318 [105 Cal.Rptr.2d 790, 20 P.3d 1086].) But where "we are merely deciding a legal question, not changing a previously settled rule," no reason exists to apply the exception. (*Ibid.*)

"To determine whether a decision should be given retroactive effect, the California courts first undertake a threshold inquiry: does the decision establish a new rule of law? If it does, the new rule may or may not be retroactive . . . ; but if it does not, 'no question of retroactivity arises,' because there is no material change in the law. [Citations.] In that event the decision simply becomes part of the body of case law of this state, and under ordinary principles of stare decisis applies in all cases not yet final." (*People v. Guerra, supra*, 37 Cal.3d at p. 399.)

In *Dakin*, a petition for a writ of mandate challenging the approval of a timber harvest plan by the Department of Forestry and Fire Protection was dismissed under section 21167.4 because the petitioner failed to request a hearing on the petition within 90 days of filing. (*Dakin v. Department of Forestry & Fire Protection, supra*, 17 Cal.App.4th at pp. 683–684.) On appeal, the petitioner argued the statute did not apply to judicial review of timber harvest plans. (*Id.* at p. 684.) Although the appellate court disagreed, it also determined its ruling should operate prospectively only, because several years earlier the court had "filed an opinion ruling the statute inapplicable," and that "opinion was the only law on the subject and was no doubt relied on by parties to timber harvest cases." (*Id.* at pp. 684, 687–688.) Thus, "In light of this past confusion and reliance on our previous opinion, and particularly in light of the severe results of noncompliance with section 21167.4," the court concluded that "the interests of fairness" required prospective application only of its decision that the statute does apply to timber harvest cases. (*Dakin*, at p. 688.)

In contrast to *Dakin*, our decision here does not change a settled rule or case on which Forster-Gill could have reasonably relied in failing to file a written request for a hearing within 90 days of filing its writ petition. All we have done today is determine definitively, for the first time, that the "request [for] a hearing" required by subdivision (a) of section 21167.4 must be a writing filed with the court.[6] But the fact that no previous appellate decision made this clear does not justify giving our decision prospective application only; instead, we are bound by the general rule that judicial decisions are given retroactive effect. Because Forster-Gill did not file a written request for a hearing within 90 days of the filing of its writ petition, its CEQA claims were subject to mandatory dismissal upon the motion filed by Syufy and the county. (See *San Franciscans for Reasonable Growth v. City and County of San Francisco* (1987) 189 Cal.App.3d 498, 504 [234 Cal.Rptr. 527].) Consequently, the trial court erred in denying that motion.

## DISPOSITION

The petition for writ of mandate is granted. Let a peremptory writ issue directing the respondent court to (1) vacate its order denying the motion to

---

[6] In support of their petition, Syufy and the county argue that in both *Leavitt* and *Association for Sensible Development at Northstar, Inc.*, the Fifth Appellate District and this court (respectively) already decided that a request for a hearing under section 21167.4 "must be in the form of a filed and served document." In neither of those cases, however, was that issue actually presented, because in both cases the requests *were* filed documents. (See *Leavitt v. County of Madera, supra*, 123 Cal.App.4th at p. 1523; *Association for Sensible Development at Northstar, Inc. v. Placer County, supra*, 122 Cal.App.4th at pp. 1294–1295.) Thus, those cases did not decide the issue we decide today.

dismiss Forster-Gill's CEQA claims; and (2) enter a new order granting that motion. Syufy and the county shall be entitled to recover their costs in this proceeding. (Cal. Rules of Court, rule 8.493(a)(1)(A).)

Hull, Acting P. J., and Cantil-Sakauye, J., concurred.

The petition of real party in interest for review by the Supreme Court was denied March 18, 2010, S180121. George, C. J., did not participate therein.