[No. A104687. First Dist., Div. Four. Sept. 29, 2004.]

NACIMIENTO REGIONAL WATER MANAGEMENT ADVISORY
COMMITTEE, Plaintiff and Appellant, v.
MONTEREY COUNTY WATER RESOURCES AGENCY, Defendant and
Respondent.

**COUNSEL**

Hunt & Associates and David Robert Hunt for Plaintiff and Appellant.

Downey Brand, Steven Paul Saxton, Kevin M. O'Brien and Jennifer L. Harder for Defendant and Respondent.

Hatch & Parent, Lisabeth D. Rothman; SD County Water Authority and Daniel Sheldon Hentschke for Association of California Water Agencies and League of California Cities as Amici Curiae for Defendant and Respondent.

Bingham McCutchen, Stephen L. Kostka and Joshua Safran for California Building Industry Association as Amicus Curiae for Defendant and Respondent.

---

OPINION

**SEPULVEDA, J.—** ■ The question presented on appeal is whether a trial court must grant relief from a dismissal entered for failing to request a hearing on the merits in a California Environmental Quality Act (CEQA) case when the failure was caused by an attorney's *inexcusable* mistake or neglect. (Code Civ. Proc., § 473, subd. (b) (section 473(b)); Pub. Resources Code, § 21167.4, subd (a) (section 21167.4(a)).) The superior court concluded that relief is unavailable under these circumstances. We agree with the superior court and affirm the judgment.

FACTS

Plaintiff Nacimiento Regional Water Management Advisory Committee (NRWMAC) is a nonprofit corporation representing property owners residing near Lake Nacimiento in San Luis Obispo County. Defendant Monterey County Water Resources Agency (Water Resources Agency) manages water resources for Monterey County. On June 4, 2002, the Water Resources Agency certified an environmental impact report (EIR), prepared pursuant to CEQA, for the Salinas Valley Water Project (Project). (Pub. Resources Code, § 21000 et seq.) The Project proposes modifications at Lake Nacimiento. NRWMAC alleges that the Project will damage the lake and surrounding area, and that the Water Resources Agency ignored these adverse impacts when approving the EIR.

On July 3, 2002, NRWMAC filed a joint petition for writ of mandate and complaint for injunctive and declaratory relief in San Luis Obispo County alleging CEQA violations.[1] Pursuant to the parties' stipulation, the case was transferred to San Francisco County. On October 4, 2002, the San Luis Obispo court ordered the case transferred, and issued notice of transfer on October 21, 2002. On October 31, 2002, the San Francisco Superior Court sent notice that the case had been accepted and filed with the court. When transferring the case between counties, the parties had stipulated that NRWMAC would serve and file its request for hearing on the merits of the petition by December 1, 2002. NRWMAC failed to request a hearing. (§ 21167.4(a).) As of April 2003, four months after the stipulated deadline, no

---

[1] NRWMAC named the Water Resources Agency and the U.S. Army Engineer District, San Francisco District, as defendants. This appeal concerns the Water Resources Agency alone.

request for a hearing had been filed. The Water Resources Agency moved to dismiss the action for noncompliance with the requirement that a timely request for hearing be made. (§ 21167.4(a).)

NRWMAC admitted that dismissal was mandated under section 21167.4(a), and the trial court dismissed the action. NRWMAC then moved for relief under section 473(b) and attached its proposed request for hearing. NRWMAC made no claim of excusable mistake, but founded its motion entirely upon its counsel's declaration of inexcusable mistake. NRWMAC's counsel stated that he failed to calendar the stipulated December 1, 2002 deadline for requesting a hearing, and also failed to realize that the statutory time for requesting a hearing ran from the date that the petition was filed and not the date of record completion. Counsel declared that NRWMAC "is in this disastrous procedural position due solely to my inexcusable neglect."

The trial court denied NRWMAC's motion upon concluding that section 473(b) relief for inexcusable mistake is not available following mandatory dismissal under section 21167.4(a). NRWMAC appeals the order denying relief from dismissal.

## DISCUSSION

■ CEQA requires assessment of the environmental consequences of activities approved or carried out by public agencies. (Pub. Resources Code, § 21000 et seq.; *Laurel Heights Improvement Assn. v. Regents of University of California* (1988) 47 Cal.3d 376, 390–392 [253 Cal.Rptr. 426].) Allegations that the public agency failed in its duty to make an adequate environmental assessment must be expeditiously resolved, and CEQA contains a number of procedural provisions evidencing legislative intent that the public interest is not served unless CEQA challenges are promptly filed and diligently prosecuted. (*Board of Supervisors v. Superior Court* (1994) 23 Cal.App.4th 830, 836–837 [28 Cal.Rptr.2d 560].) For example, CEQA sets short statutes of limitations of only 30 to 180 days in length, requires a settlement conference within 45 days of service of the petition, and grants trial preference over all other civil actions. (*Board of Supervisors*, at p. 837; Pub. Resources Code, §§ 21167, 21167.1, subd. (a), 21167.8.) "Patently, there is legislative concern that CEQA challenges, with their obvious potential for financial prejudice and disruption, must not be permitted to drag on to the potential serious injury of the real party in interest." (*Board of Supervisors v. Superior Court, supra,* 23 Cal.App.4th at p. 837.)

■ Section 21167.4(a), at issue in this case, is among the procedural provisions designed to expedite CEQA litigation: "In any action or proceeding alleging noncompliance with [CEQA], the petitioner shall request a

hearing within 90 days from the date of filing the petition or shall be subject to dismissal on the court's own motion or on the motion of any party interested in the action or proceeding." This District Court of Appeal has held that "dismissal of a CEQA claim under Public Resources Code section 21167.4 is mandatory when a petitioner has failed to request a hearing on the writ within 90 days and a party or the court, sua sponte, moves to dismiss." (*San Franciscans for Reasonable Growth v. City and County of San Francisco* (1987) 189 Cal.App.3d 498, 504 [234 Cal.Rptr. 527].) The hearing that must be requested is a hearing on the merits of the petition, and a hearing on provisional remedies or other collateral matters does not satisfy the statutory requirement that a hearing be requested. (*Miller v. City of Hermosa Beach* (1993) 13 Cal.App.4th 1118, 1135 [17 Cal.Rptr.2d 408].) "The statutory scheme, which is designed to promote prompt resolution of CEQA matters, can only be served if a request for a hearing or trial on the ultimate merits of the petition for writ of mandate is made within 90 days of filing of the petition." (*Ibid.*)

NRWMAC filed its CEQA writ petition on July 3, 2002, and thus its request for a hearing on the merit of its petition was statutorily due by October 1, 2002. However, the Water Resources Agency stipulated on September 30, 2002, to extend the deadline to December 1, 2002, to permit time for the action to be transferred to another county.[2] NRWMAC did not request a hearing by the extended deadline and concedes that dismissal was mandated under CEQA.

However, NRWMAC contends that the Code of Civil Procedure entitles it to relief from that dismissal because the dismissal was caused by attorney error, even though the error was admittedly inexcusable. Discretionary relief under section 473(b) for a section 21167.4(a) dismissal caused by an *excusable* mistake is unquestionably available. (*Miller v. City of Hermosa Beach, supra,* 13 Cal.App.4th at pp. 1135–1138; *McCormick v. Board of Supervisors* (1988) 198 Cal.App.3d 352, 359 [243 Cal.Rptr. 617].) The issue here, however, is whether mandatory relief under section 473 for a section 21167.4 dismissal caused by an *inexcusable* mistake is required.

In 1988, the Legislature added a provision to section 473 mandating relief for defaults caused by attorney mistake or neglect upon timely application for relief, without demonstration that the attorney error was excusable. (Stats. 1988, ch. 1131, § 1, p. 3631; *Leader v. Health Industries of America, Inc.* (2001) 89 Cal.App.4th 603, 617–618 [107 Cal.Rptr.2d 489].) The mandatory

---

[2] The parties have not questioned the validity of a party stipulation extending the time to request a CEQA hearing and we make no determination on that issue.

relief provision for attorney errors was extended to dismissals in 1992.[3] (Stats. 1992, ch. 876, § 4, pp. 4071–4072; *Leader, supra,* at p. 617.) This extension of mandatory relief to dismissals has created difficulties in application because dismissals are entered under diverse circumstances and statutory authority, and the purposes of some dismissal statutes would be defeated if an attorney's affidavit of fault were sufficient to vacate every dismissal. The courts have thus had to reconcile section 473(b)'s broadly stated provision granting relief for attorney-caused dismissals with the many statutes authorizing dismissal.

■ "Although the language of the mandatory provision of section 473, subdivision (b), on its face, 'affords relief from unspecified "dismissal" caused by attorney neglect, our courts have, through judicial construction, prevented it from being used indiscriminately by plaintiffs' attorneys as a "perfect escape hatch" [citations] to undo dismissals of civil cases.' " (*Gotschall v. Daley* (2002) 96 Cal.App.4th 479, 483 [116 Cal.Rptr.2d 882].) For example, "courts have held the mandatory provision [of section 473(b)] is inapplicable to voluntary dismissals (*Huens v. Tatum* [(1997)] 52 Cal.App.4th [259, 264] [60 Cal.Rptr.2d 438]) and dismissals for lapsing of the statute of limitations (*Castro v. Sacramento County Fire Protection Dist.* (1996) 47 Cal.App.4th 927, 933 [55 Cal.Rptr.2d 193]), failure to serve a complaint in a timely manner (*Bernasconi Commercial Real Estate v. St. Joseph's Regional Healthcare System* (1997) 57 Cal.App.4th 1078, 1080 [67 Cal.Rptr.2d 475]), failure to prosecute (*Peltier* [*v. McCloud River R.R. Co.* (1995)] 34 Cal.App.4th [1809, 1817 [41 Cal.Rptr.2d 182]]), and failure to file an amended complaint after a demurrer has been sustained with leave to amend. (*Leader* [*v. Health Industries of America, Inc.,*] *supra,* 89 Cal.App.4th at p. 620." (*Gotschall, supra,* 96 Cal.App.4th at pp. 483–484.)

■ In *Peltier,* the court rejected a literal reading of section 473(b)'s mandatory relief provision and held that section 473(b) was intended to reach only those discretionary dismissals for delays in prosecution under Code of Civil Procedure section 583.410 (section 583.410) "which occur through failure to oppose a dismissal motion—the only dismissals which are procedurally equivalent to a default." (*Peltier v. McCloud River R.R. Co., supra,* 34

---

[3] Section 473(b) now provides, in pertinent part: "The court may, upon any terms as may be just, relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect. . . . Notwithstanding any other requirements of this section, the court shall, whenever an application for relief is made no more than six months after entry of judgment, is in proper form, and is accompanied by an attorney's sworn affidavit attesting to his or her mistake, inadvertence, surprise, or neglect, vacate any (1) resulting default entered by the clerk against his or her client, and which will result in entry of a default judgment, or (2) resulting default judgment or dismissal entered against his or her client, unless the court finds that the default or dismissal was not in fact caused by the attorney's mistake, inadvertence, surprise, or neglect."

Cal.App.4th at pp. 1815–1817.) This narrow interpretation of section 473(b)'s mandatory relief provision is consistent with the provision's "purpose of treating dismissed plaintiffs and defaulted defendants equally." (34 Cal.App.4th at p. 1819.) The court observed that a broad reading of section 473(b) to mandate relief for any section 583.410 dismissal would undermine the dismissal statute. "Nearly every discretionary dismissal is caused by the mistake, inadvertence or neglect of the plaintiff's attorney," and thus a literal application of section 473(b)'s mandatory relief provision would almost nullify the discretionary dismissal statutes, "as few dismissals entered thereunder would ever assuredly be final." (*Peltier v. McCloud River R.R. Co., supra*, at p. 1816.) Such a result is insupportable: "the repeal or abrogation of statutes by implication is disfavored, as is any construction of a statute which would render related statutes a nullity." (*Id.* at pp. 1821–1822.)

The same reasoning applies here. Nearly every section 21167.4 dismissal for failing to request a hearing on alleged CEQA violations is caused by the mistake, inadvertence, or neglect of the plaintiff's attorney, and thus few dismissals would be final if mandatory relief under section 473 were applied to such dismissals. The CEQA dismissal statute would effectively be nullified, and the legislative intent that CEQA challenges be promptly resolved and diligently prosecuted would be defeated. (*Board of Supervisors v. Superior Court, supra*, 23 Cal.App.4th at pp. 836–837.)

■ CEQA sets strict time requirements to protect the public interest in speedy resolution of CEQA challenges. CEQA requires that a petitioner request a hearing within 90 days from the date a petition alleging CEQA noncompliance is filed, or be subject to dismissal. (§ 21167.4(a).) The trial court establishes a briefing schedule upon receiving the request for a hearing, with briefing completed 90 days from the date of the request absent good cause for delay. (§ 21167.4, subd. (c).) To the extent feasible, the hearing is held within 30 days of the completion of briefing. (*Ibid.*) The legislature thus plainly intended that a CEQA challenge be heard within 210 days of commencement, or roughly seven months, absent exceptional circumstances.

Application of section 473(b)'s mandatory relief provision to CEQA dismissals for failing to request a hearing within the prescribed 90-day time period would undermine CEQA's design for expedited litigation. Section 473(b) authorizes mandatory relief if it is requested within six months after entry of judgment. If mandatory relief were available to a CEQA petitioner who failed to request a hearing within 90 days of filing his or her petition, nine months or more could pass before a request for a hearing was ever filed. Briefing would be similarly delayed, and resolution would well exceed the time period set by the Legislature for resolution of CEQA challenges.

This case itself demonstrates the frustration of CEQA's goal of expedited litigation if mandatory relief under section 473(b) were available for section 21167.4(a) dismissals. NRWMAC's request for a hearing was statutorily due October 1, 2002, and extended by stipulation to December 1, 2002 to allow time for transfer between counties. NRWMAC failed to meet that deadline, but the Water Resources Agency did not move to dismiss until April 25, 2003. The court dismissed the action on June 18, 2003, with a formal order entered later. NRWMAC, to its credit, acted quickly and moved for relief from the dismissal on July 8, 2003. However, a motion for mandatory relief is timely if made within six months after entry of judgment of dismissal, so that application of the mandatory relief provision in this case would have permitted relief from dismissal as late as December 2003. (§ 473(b).) The deadline for requesting a CEQA hearing would thus have been extended an entire year, from December 2002 to December 2003. Plainly, the Legislature's carefully crafted plan for prompt resolution of CEQA litigation would be undermined by application of section 473(b)'s mandatory relief provision to dismissals entered for delay in prosecuting a CEQA action under section 21167.4(a). The trial court properly denied NRWMAC's motion for relief from dismissal.

## DISPOSITION

The judgment of dismissal is affirmed.

Kay, P. J., and Reardon, J., concurred.

Appellant's petition for review by the Supreme Court was denied January 12, 2005.