Filed 2/5/24  Steinbruner v. Soquel Creek Water District CA6

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| REBECCA STEINBRUNER, | H050093 |
| Plaintiff and Appellant, | (Santa Cruz County Super. Ct. No. 21-CV-02699) |
| v. | |
| SOQUEL CREEK WATER DISTRICT et al., | |
| Defendants and Respondents. | |

Representing herself, plaintiff Rebecca Steinbruner petitioned for a writ of mandate under the California Environmental Quality Act (CEQA) to challenge an addendum to a previously certified environmental impact report for the "Pure Water Soquel:  Groundwater Replenishment and Seawater Intrusion Prevention" project.  She filed the mandatory Public Resources Code section 21167.4 request for hearing six days late. Defendants Soquel Creek Water District and its Board of Directors moved to dismiss the action based on that untimely filing.  Plaintiff sought relief based on excusable neglect under Code of Civil Procedure section 473, subdivision (b), alleging that multiple hardships caused her to miss the filing deadline.  The trial court found that plaintiff had not demonstrated excusable neglect and it granted the motion to dismiss. Applying the deferential abuse of discretion standard of review as we must to this issue, we will affirm the judgment of dismissal.

# I. TRIAL COURT PROCEEDINGS

The record on appeal does not include detailed information about the Pure Water Soquel project. It is undisputed that plaintiff unsuccessfully challenged by petition for writ of mandate the certification of the environmental impact report for the project, which was affirmed by a different panel of this court in *Steinbruner v. Soquel Creek Water District* (July 12, 2021, H047733) [nonpub. opn.].

Plaintiff filed her petition for writ of mandate on November 4, 2021. The petition states defendants approved an addendum to the environmental impact report for the Pure Water Soquel project in October 2021. The petition alleges 12 causes of action, including violations of the Water Code, a State Water Resources Control Board resolution, and Public Resources Code section 21166 (pertaining to subsequent environmental review under CEQA). Plaintiff filed a request for hearing on February 8, 2022, 96 calendar days after the petition was filed. Public Resources Code section 21167.4, subdivision (a) requires a request for hearing to be filed within 90 days of the petition's filing. Defendants moved to dismiss the petition on February 17, 2022 based on plaintiff's untimely request for hearing.

Plaintiff filed opposition to the motion to dismiss on March 15, 2022, requesting relief under Code of Civil Procedure section 473, subdivision (b) due to excusable neglect. In a supporting declaration, plaintiff described several hardships that caused her to overlook the deadline to file the request for hearing, including: being the primary caregiver for her 89-year-old mother-in-law in Napa County; the suicide of a close friend; responding to Soquel Creek Water District serving plaintiff's husband with an order of examination relating to a different case; quarantining after exposure to COVID-19; a malfunctioning home computer requiring plaintiff to prepare the request for hearing at the county law library; and technical difficulties that prevented plaintiff from filing the document electronically.

2

The trial court issued a tentative ruling that would grant the motion to dismiss. In a second declaration filed the day of the hearing on defendants' motion to dismiss, plaintiff added that she had forgotten to note the deadline to file the request for hearing in her paper calendar due to "extreme duress caused by [defendants'] actions against my husband, as well as the chronic health emergencies of my Mother-in-Law, as well as busy holiday schedules and Court closures." She attached a copy of her calendar as an exhibit.

At the hearing on the motion to dismiss, the trial court acknowledged plaintiff had "just submitted a declaration with a series of attachments," presumably referring to the second declaration. The court noted it "took in account [the] issue of excusable mistake in [its] tentative ruling" and stated that it did "not consider[] that persuasive." The trial court granted the motion to dismiss by written order after the hearing. The order describes the case as "one of several related actions" plaintiff had filed to challenge the project. The court found that the "excuses put forward by [plaintiff] for her failure to timely file a hearing request do not constitute isolated mistakes that 'anyone could have made'; and she did not act diligently, despite her apparent knowledge of the requirement to timely file a hearing request."

## II.   DISCUSSION

The sole issue on appeal is whether the trial court abused its discretion in denying plaintiff's request under Code of Civil Procedure section 473, subdivision (b) for relief from dismissal after her untimely request for a hearing. Public Resources Code section 21167.4, subdivision (a), states that in any action alleging CEQA noncompliance "the petitioner shall request a hearing within 90 days from the date of filing the petition or shall be subject to dismissal on the court's own motion or on the motion of any party interested in the action or proceeding." (See *Fiorentino v. City of Fresno* (2007) 150 Cal.App.4th 596, 603 ["under the plain meaning of the statutory language, a CEQA action must be dismissed when a timely request for hearing is not filed, provided that a

3

motion is made by any interested party or the court."].)  Given plaintiff's tardy request for hearing, the case was subject to dismissal.

Under Code of Civil Procedure section 473, subdivision (b), a trial court may "relieve a party or his or her legal representative from a judgment, dismissal, order, or other proceeding taken against him or her through his or her mistake, inadvertence, surprise, or excusable neglect" if the party requests relief "within a reasonable time, in no case exceeding six months," after the order is entered.  Discretionary relief under Code of Civil Procedure section 473, subdivision (b) from a Public Resources Code section 21167.4, subdivision (a) "dismissal caused by an excusable mistake is unquestionably available."  (*Nacimiento Regional Water Management Advisory Com. v. Monterey County Water Resources Agency* (2004) 122 Cal.App.4th 961, 966, italics omitted.)[1]  Although a trial court order denying relief under Code of Civil Procedure section 473 is " 'scrutinized more carefully than an order permitting trial on the merits,' " we are nonetheless limited to reviewing the decision for abuse of discretion.  (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 980–981.)

Plaintiff's opposition to the motion to dismiss and first supporting declaration identified several personal hardships, but did not aver that she forgot to note the deadline to request a hearing in her personal calendar.  It was on the day of the hearing on the motion to dismiss that plaintiff filed a second declaration describing the calendar issue. The trial court acknowledged the hardships identified by plaintiff but determined that

---

[1]  We are troubled by defendants' assertion in their briefing that *Nacimiento* "held that relief from a [Public Resources Code] Section 21167.4 dismissal is not available where a petitioner seeks relief on the grounds of mistake or neglect."  (Citing *Nacimiento*, *supra*, 122 Cal.App.4th at p. 968.)  Indeed, the *Nacimiento* court observed that "[d]iscretionary relief under [Code of Civil Procedure] section 473, [subdivision] (b) for a [Public Resources Code] section 21167.4, [subdivision] (a) dismissal caused by an *excusable* mistake is unquestionably available."  (*Nacimiento*, at p. 966.)  Stated properly, the issue in *Nacimiento* was "whether mandatory relief under [Code of Civil Procedure] section 473 for a [Public Resources Code] section 21167.4 dismissal caused by an *inexcusable* mistake is required."  (*Nacimiento*, at p. 966.)

4

they were unpersuasive. The trial court also acknowledged receiving and considering plaintiff's second declaration, but similarly was unpersuaded to depart from its tentative ruling finding no excusable mistake. Though a different trial court could reasonably reach a different conclusion on these facts, " 'we are not authorized to substitute our judgment for that of the trial judge; the trial court's exercise of discretion will not be disturbed in the absence of a clear showing of abuse.' " (*Jensen v. Superior Court* (2021) 64 Cal.App.5th 1003, 1012.) To prevail on appeal, plaintiff must therefore demonstrate that the trial court's decision was so at odds with the relevant facts or law as to constitute an abuse of discretion on this record. She has not done so.

Plaintiff relies on *Comunidad en Accion v. Los Angeles City Council* (2013) 219 Cal.App.4th 1116 (*Comunidad*), which involved a CEQA challenge to a city's approval of waste facilities. (*Comunidad*, at p. 1121.) The real party in interest moved to dismiss the action based on the petitioner's failure to file a Public Resources Code section 21167.4 request for hearing. (*Comunidad*, at p. 1130.) The day after the motion to dismiss was filed, the petitioner filed both a request for hearing and a request for relief under Code of Civil Procedure section 473. The petitioner's attorney stated in a declaration that he "inadvertently omitted the 90-day hearing request from his personal calendaring system" and that the "mistake was compounded by a family illness that required counsel to leave the state" for the two weeks preceding the deadline to file the request for hearing. (*Comunidad*, at p. 1131.) The *Comunidad* court observed that the issue "implicates two competing public policies—the strong preference for a trial on the merits and the policy favoring expeditious review of CEQA challenges." (*Ibid.*) It determined that denying relief was an abuse of discretion because the one-week delay in requesting a hearing was an "isolated mistake in an otherwise vigorous and thorough presentation of [the petitioner's] claims." (*Id.* at pp. 1134–1135.) The *Comunidad* court also noted that the motion for relief was filed "well within a reasonable time" and that the

5

respondents would not suffer prejudice from the short delay because they themselves had sought extensions to prepare the administrative record. (*Id.* at p. 1133.)

Although the justifications for delay bear some similarity to the case here, *Comunidad* does not compel reversal. Plaintiff's opposition to the motion to dismiss did not mention her failure to note the relevant 90-day deadline on her personal calendar. She invoked that additional basis for relief only later in a declaration filed the day of the hearing on the motion to dismiss, and she offered no explanation to the trial court for not initially raising the calendar error. We have no reason to question the veracity of plaintiff's representations. But given that her opposition to the motion to dismiss cited and discussed *Comunidad*, the trial court could reasonably conclude that she would have raised the calendar issue in her initial opposition papers had that been the primary reason she failed to timely file the request for hearing.[2]

We note that plaintiff rightly takes issue with the trial court's reliance on reasoning from the prior unpublished opinion affirming the denial of plaintiff's challenge to the certification of the environmental impact report for the project. The trial court's written order referenced plaintiff's "characterization of this action as 'primarily' challenging the District's approval of a 'Modified' project without providing the public with a Final Degradation Analysis ... and note[d] that this same claim was rejected by the 6th DCA in affirming the judgment denying her appeal in Case no. 19CV00181."

---

[2] Defendants also point out, in contrast to the "isolated mistake" by counsel in *Comunidad*, that plaintiff appears to have made the identical error in previous litigation regarding the Pure Water Soquel project. Defendants asked the trial court to take judicial notice of a San Francisco Superior Court order sustaining a demurrer without leave to amend in a case plaintiff filed against the California Coastal Commission regarding its approval of the project. Nothing in the record indicates that the trial court took judicial notice of or considered that order, and we decline to consider extra-record material which is not the subject of a request for judicial notice in this court. Even if we were to take judicial notice, the order is of questionable relevance as plaintiff does not claim to have been ignorant of the deadline to timely request a hearing, but rather that she "simply forgot to write it on [her] calendar."

Language in the order suggests that the trial court viewed the prior case as relevant "in balancing the competing public policies discussed in *Comunidad*" (*Comunidad*, *supra*, 219 Cal.App.4th at p. 1131 [noting the tension between adjudicating the merits versus minimizing delay]), such that it gave "more weight to the policy favoring expeditious review of CEQA challenges." We agree with plaintiff that the relative merit of the underlying petition is not germane to the question of whether she established excusable neglect. We conclude, however, that the trial court's improper but limited consideration of this court's prior decision does not compel reversal. The trial court's discretionary decision to deny relief was adequately supported by its determination that the reasons plaintiff identified did not excuse her failure to meet the filing deadline.

## III. DISPOSITION

The judgment of dismissal is affirmed. In the interest of justice, each party shall bear its own costs.

_____

Grover, Acting P.J.

**WE CONCUR:**

_____

Lie, J.

_____

Bromberg, J.

**H050093**
*Steinbruner v. Soquel Creek Water District et al.*